UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TOURO UNIVERSITY<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>EDWARD F. FARKAS<br><br>　　　　　　Defendant. | Case No.: 7:24-cv-00116-CS |

# TEMPORARY RESTRAINING ORDER ON CONSENT

This Temporary Restraining Order on Consent, issued as of January 9, 2024, is entered into by and between Touro University ("Touro"), an educational corporation chartered by the New York State Board of Regents, and Dr. Edward Farkas ("Farkas"), an individual residing at 11 Keewaydin Road, Lawrence, New York, each a Party and collectively referred to herein as the Parties.

WHEREAS, on or about November 20, 2020, the Parties entered into an employment agreement whereby Farkas was employed by Touro as the Vice Dean of its dental school (the "Employment Agreement"); and

WHEREAS, on or before December 6, 2023, Farkas resigned from his position as Vice Dean effective January 1, 2024; and

WHEREAS, on December 28, 2023, Dr. Alan Kadish, President of Touro, sent a letter to Farkas asserting that Farkas was being terminated for cause; and

WHEREAS, on January 5, 2024, Touro filed a Complaint and Order to Show Cause seeking a temporary restraining order ("TRO") and preliminary injunction; and

WHEREAS, Touro alleges that on or before December 4, 2023, Farkas downloaded thousands of files and data belonging to Touro (defined for the purposes of this Consent Order as "Protected Information"); and

WHEREAS, the Parties hereby request the Court to enter this Temporary Restraining Order, on Consent, in lieu of the temporary relief sought in Touro's motion while they attempt to negotiate a settlement of this matter; and

WHEREAS, the parties agree to temporarily stay the Plaintiff's request for a preliminary injunction, subject to the terms and conditions of this Order on Consent; and

WHEREAS, by requesting the entry of this Order, neither party admits or denies any of the claims made in the Complaint or Touro's motion, and the entry of this Order on Consent is without prejudice to any claims or counter claims or defenses either party may have should the litigation proceed and is not resolved by agreement and shall not be construed as an admission of any elements required for a temporary restraining order or a preliminary injunction.

NOW THEREFORE, the parties hereby agree and stipulate that:

1. Each and every recital set forth above shall be deemed incorporated within the body of this agreement as if such clause was repeated and duplicated fully herein, and the parties agree to be bound thereby.

2. Without admission of any facts and without waiver of any defenses, to the extent Farkas may have in his possession, custody or control any alleged Protected Information belonging to Touro, he agrees that he will not access or disseminate files containing such information during the pendency of this agreement.

3. Nothing contained herein shall restrict Farkas from accessing his personal email account so long as he does not access any files or emails containing files which are alleged to be Touro's Protected Information.

4. The Parties will advise the Court within ten (10) days of the execution of this Temporary Order on Consent, whether they have reached an agreement. In the event they reach such agreement, Touro will withdraw its current motion for preliminary injunction. In the event the Parties are unable to reach a mutually acceptable agreement regarding the matters set forth herein, this Temporary Order on Consent shall remain in effect until a hearing on the preliminary injunction motion and/or a motion to vacate this Order can be heard by the Court. Farkas' entry into this Order on Consent shall not be construed as an admission of any issues raised in Touro's motion or the allegations in the underlying Complaint.

SO ORDERED.

_____   1/9/24
CATHY SEIBEL, U.S.D.J.

4873-2240-2971, v. 1