February 14, 2024

**NORTON ROSE FULBRIGHT**

Norton Rose Fulbright US LLP
60 South Sixth Street, Suite 3100
Minneapolis, Minnesota 55402
United States of America

The Honorable Cathy Seibel
United States District Court
The Hon. Charles L. Brieant Jr. Federal Building
and United States Courthouse
300 Quarropas Street
White Plains, NY 10601-4150

**Felicia J. Boyd**
**Head of IP Brands, United States**
Direct line +1 612 321 2206
felicia.boyd@nortonrosefulbright.com

Tel +1 612 321 2800
Fax +1 612 321 2288
nortonrosefulbright.com

Re:   Touro University v. Farkas, 7:24-cv-00116-CS

Dear Judge Seibel:

Pursuant to the Court's February 2, 2024 Order (ECF 15) and February 13, 2024 Memo Endorsement (ECF 20), the parties herein jointly provide the Court with this status update.

Plaintiff Touro University ("Touro") filed this action on January 5, 2024 alleging seven claims against its former employee, Dr. Edward Farkas. The claims all arise out of Touro's allegations that Dr. Farkas downloaded certain documents from Touro's computer systems on or about December 6, 2023. The Court held a hearing on January 9, and approved a consent Temporary Restraining Order that preserved the status quo between the parties while they set out to negotiate a mutually acceptable resolution. Since that time, the parties have been working diligently toward finalizing an agreement, and there has been a vigorous exchange of correspondence and drafts in that endeavor. The parties have previously provided the Court with two status updates informing the Court that they were working diligently to finalize an agreement, and needed additional time to attempt to do so.

Dr. Farkas's Position on Status:

Dr. Farkas believes that the parties have made tremendous strides toward resolution of this matter. Dr. Farkas does not believe that the negotiations are at an impasse and is confident that any remaining issues are easily surmountable if all parties act in good faith. Because Touro is taking the position that the parties are at an impasse, Dr. Farkas invokes the mandatory mediation clause in his Employment Agreement with Touro. The Employment Agreement states that "[a]ny dispute, controversy or claim arising out of or relating to this Agreement shall be exclusively heard and settled by expedited non-binding mediation . . . ." Its extremely broad mandate encompasses all of Touro's claims against Dr. Farkas, which all arise out of and relate to actions he allegedly took while employed by Touro under the Employment Agreement, *i.e.*, allegedly downloading documents from Touro's computer systems. Dr. Farkas and Touro have already entered into a Court-ordered consent Temporary Restraining Order that preserves the status quo here, and Touro does not assert any harm happening at this time. There is no purpose to engaging in discovery, which would not assist the parties in reaching a mediated resolution. Dr. Farkas also notes that Touro's Employee Handbook, which is incorporated into the Employment Agreement

Norton Rose Fulbright US LLP is a limited liability partnership registered under the laws of Texas.

Norton Rose Fulbright US LLP, Norton Rose Fulbright LLP, Norton Rose Fulbright Australia, Norton Rose Fulbright Canada LLP and Norton Rose Fulbright South Africa Inc are separate legal entities and all of them are members of Norton Rose Fulbright Verein, a Swiss verein. Norton Rose Fulbright Verein helps coordinate the activities of the members but does not itself provide legal services to clients. Details of each entity, with certain regulatory information, are available at nortonrosefulbright.com.

and is binding on Touro here, provides for mandatory arbitration of "any and all disputes or claims arising out of or relating to [Dr. Farkas's] employment . . . or otherwise involving Touro College." Because the parties agreed to utilize alternative dispute resolution for any dispute between them, Dr. Farkas believes that the Court should order the parties to continue to negotiate or proceed to third-party mediation.  If the Court is inclined to grant Touro's requests set forth here, Dr. Farkas requests the opportunity to file a letter requesting a pre-motion conference on these issues.

Finally, Dr. Farkas asserts that the time for him to respond to Touro's Complaint has not yet begun to run, as Touro has neither served the Complaint personally on Dr. Farkas nor requested that Dr. Farkas waive service, and the Court has ordered the parties to negotiate subject to the consent TRO.  Dr. Farkas asks the Court to order that Dr. Farkas's time to respond to the Complaint be held in abeyance at this time.

Touro's Position on Status:

Touro University ("Touro") believes that, although the parties have made some progress towards a resolution of this matter, significant issues remain.  Touro does not anticipate these issues to be resolved through continued negotiations of the Agreement and, therefore, Touro's position is that the parties are at impasse.  Referral of this case to mediation has been waived by Dr. Farkas' participation in these proceedings to date and, in any event, is inappropriate and not required by the terms of any contract between Touro and Dr. Farkas.  Initially, it must be noted that Touro is not alleging in its Complaint that Dr. Farkas breached his Employment Agreement; rather Touro alleges that Dr. Farkas violated the Defend Trade Secrets Act, misappropriated trade secrets, breached his fiduciary duties and common law duty of loyalty to Touro, tortiously interfered with Touro's existing and prospective business relations, engaged in unfair competition with Touro, and breached the Faithless Servant Doctrine – all claims which exist outside Touro's mandatory mediation/arbitration provisions.  Moreover, even if the Employment Agreement were at issue in this case (which Touro maintains it is not), Section 4 of that Agreement states explicitly that Touro is permitted to seek injunctive relief in the event Dr. Farkas is believed to have wrongfully accessed/uses Touro's Confidential Information.  As such, Touro believes that a period of expedited discovery should commence, during which Touro intends to serve written discovery requests and to depose Dr. Farkas.  Touro requests that a hearing on its Motion for Preliminary Injunction be scheduled as soon after April 1, 2024 as possible.

As to Dr. Farkas' request that his time to respond to the Complaint be held in abeyance, Touro's position is that because this matter commenced as an emergency application to the Court (with notice and a copy of the Complaint sent to Dr. Farkas via his counsel, Gary Snitow) – and it is undeniable that such notice was received, inasmuch as the parties subsequently entered into a Temporary Restraining Order by Consent - it is within the Court's purview to set forth the timing for all additional steps in this matter, including the time for Dr. Farkas to respond to the Complaint. To the extent that the Court's position is that Touro must more formally serve Dr. Farkas, it requests that the Court issue a summons in this matter.

The Honorable Cathy Seibel
February 14, 2024
Page 3

**NORTON ROSE FULBRIGHT**

Respectfully,

*/s/ Felicia J. Boyd/*

Felicia J. Boyd
(Admitted *pro hac vice*)
**NORTON ROSE FULBRIGHT US LLP**
60 South Sixth Street, Suite 3100
Minneapolis, Minnesota 55402
Tel.: (210) 224-5575
felicia.boyd@nortonrosefulbright.com

Michael A. Samalin
1301 Avenue of the Americas
New York, New York 10019-6022
Tel.: (212) 318-3000
michael.samalin@nortonrosefulbright.com

**SNITOW KAMINETSKY ROSNER & SNITOW LLP**
*s/ Gary Snitow*
Gary Snitow
805 Third Avenue, 12th Floor
New York, N.Y. 10022
(212) 317-8500
Fax: (212) 317-1308
gsnitow@skrslaw.com
*Attorneys for Defendant*

**COZEN O'CONNOR**
*s/ Mariah S. Passarelli*
Mariah S. Passarelli
(Admitted *pro hac vice*)
One Oxford Centre
301 Grant Street, 41st Floor
Pittsburgh, PA 15219
Telephone: (412) 620-6502
mpassarelli@cozen.com

Janice Sued Agresti
3 World Trade Center
175 Greenwich Street, 55th Floor
New York, N.Y. 10007
(212) 509-9400
jagresti@cozen.com
*Attorneys for Plaintiff*