

April 3, 2024

**VIA ECF**

**Mariah L. Passarelli**
Direct Phone   412-620-6502
Direct Fax        412-275-2368
mpassarelli@cozen.com

The Honorable Andrew E. Krause
The Hon. Charles L. Brieant Jr.
Federal Building and United States Courthouse
300 Quarropas St.
White Plains, NY 10601-4150

**Re:   Touro University v. Dr. Edward F. Farkas, SDNY 7:24-cv-00116-CS**

Dear Judge Krause:

At a status conference held by this Honorable Court on February 22, 2024, the Court directed the parties to file letters memorializing any discovery disputes by April 3, 2024. In accordance with this directive, Touro hereby memorializes the following discovery-related items currently in dispute in this case:

**I.   Overview**

Between December 1 and 4, 2023, Defendant Dr. Edward F. Farkas ("Defendant") downloaded some 4,962 documents belonging to Touro University ("Touro") from its secure computer systems. On December 6, 2023, Defendant notified Touro's President that he (Defendant) was resigning to become the Founding Dean of a new dental school at Touro's direct competitor, Yeshiva University. When Defendant's download of these documents was subsequently discovered by Touro, it terminated him.

Touro initiated this action on January 5, 2024 after efforts to secure the return of its' documents and an amicable resolution of this matter through direct negotiations with Defendant failed. The Parties subsequently participated in a Show Cause Conference on January 9, 2024, at which a Temporary Restraining Order was entered on consent. (ECF 11). It has been apparent ever since that Defendant's intention is to delay these proceedings to the greatest extent possible while he applies pressure on Touro to proceed instead with a Rabbinical tribunal, the Beis Din. These efforts should not be countenanced.

To wit, a Status Conference was held by Judge Seibel on February 22, 2024. (ECF 26). During this conference, Defendant indicated that because he would be filing both a Motion to Dismiss and a Motion to Compel Arbitration, the parties should not be required to proceed with discovery. On the contrary, Touro maintained that discovery was needed and appropriate given the exigencies of the case (including, but not limited, to the fact that Touro's documents and devices remained in Defendant's possession and Touro believed the beginning of Defendant's employment at Yeshiva University was imminent). After hearing argument from both sides, Judge Seibel ruled that discovery would, in fact, occur simultaneously with the motions practice in this case and referred all discovery matters to Magistrate Judge Krause. (ECF 26-28).

LEGAL\69722142\1

The Honorable Andrew E. Krause
April 3, 2024
Page 2

---

At a subsequent status conference held by Judge Krause on March 6, 2024, Defendant attempted once again to argue that discovery should not proceed in light of Defendant's forthcoming Motion to Dismiss and Motion to Compel Arbitration. Once again, Judge Krause directed that discovery would proceed simultaneously with motions practice, in accordance with Judge Seibel's ruling. (ECF 35-2).

It has now been more than four (4) months since Defendant took Touro's documents and devices. He has not returned them. He has not offered an explanation for taking them. In the time since, he has tried repeatedly to delay the ordinary course of discovery in this case. This must not be allowed to continue. As Touro indicated at the February 22, 2024 Status Conference – and as evidenced by the very nature of this case – an exigency exists here. . Defendant has its Confidential Information and Trade Secrets and it has now been unambiguously reported by Yeshiva University's own newspaper, that Defendant is the Founding Dean of its forthcoming new dental school. Touro strongly believes that a deposition of Defendant is necessary and should occur on the agreed-upon date of April 15, 2024 as detailed further below. Touro must depose Defendant prior to any settlement conference in this case - and sufficiently in advance of a Preliminary Injunction Hearing - in order to inform its settlement position and to determine whether additional discovery and/or further amendment to the Complaint may be necessary.

A description of the parties' discovery-related disputes is set forth below.

**II.     ESI Protocols and Search Terms**

The Court directed the parties to exchange ESI Protocols and Search Terms by March 29, 2024. Touro understood this directive to create a mutual obligation on the part of both parties; it has become apparent that Defendant believed this obligation to be Touro's alone.

Touro maintains that both parties must provide ESI Protocols and Search Terms to one another because they are needed for separate purposes. Namely, the ESI Protocol and Search Terms provided by Touro would speak to the ESI review Touro desires be performed on Dr. Farkas' gmail accounts, personal devices, and Touro-owned devices in his possession; the ESI Protocol and Search Terms that must be provided to Touro by Dr. Farkas would speak to the ESI review that Dr. Farkas desires be performed on Touro's electronic document systems needed to respond to Dr. Farkas' Request for Production of Documents (which calls upon Touro to produce responsive ESI).

Touro timely provided Defendant with a Proposed ESI Protocol and list of Search Terms on Friday, March 29, 2024, as directed by the Court. On Monday, April 1, 2024, Defendant provided a Proposed ESI Protocol and list of Search Terms to Touro.

Defendant has notified Touro that he objects to its Proposed Search Terms inasmuch as he feels they are over-broad based on the terms used and the lack of applicable date ranges. Touro has notified Defendant that it objects to his Proposed ESI Protocol inasmuch as it fails to identify relevant custodians and date ranges.

Touro has indicated that it will examine its willingness to refine/narrow its proposed ESI Protocol and Search Terms. At the time of this filing, Defendant has not expressed a willingness to do the same.

The Honorable Andrew E. Krause
April 3, 2024
Page 3

Touro has suggested that the parties seek an extension of the applicable deadlines for written discovery, since neither party appears to be able to produce ESI at this time for want of agreed upon ESI Protocols and Search Terms. Touro views the issue of ESI review and written discovery as being wholly separate from the timing of Dr. Farkas' deposition (which Touro has properly noticed for Monday, April 15, 2024). Defendant maintains that it will only agree to such an extension if Touro likewise agrees to postpone Dr. Farkas' deposition until after the Passover holiday. For the reason set forth in the Overview section above, Touro will not agree to this sequence of events.

For the avoidance of doubt, Touro's responses to Defendant's written discovery requests are due on April 5, 2024. Touro intends to timely respond thereto in good faith and to the best of its ability without the benefit of an ESI Protocol and Search Terms being agreed upon by the parties. When an ESI Protocol and Search Terms are determined, Touro will make appropriate supplemental productions after having conducted the related ESI review and will do so as quickly as possible. If Defendant does not wish to take depositions of Touro witnesses until after this process has been completed, Touro will work cooperatively with Defendant to schedule depositions of Touro's witnesses at that time.

Defendant's responses to Touro's written discovery requests are due to Touro today. Defendant has indicated that he will timely provide these responses; however, at the time of this writing, Touro has not yet seen them. Touro anticipates that Defendant's written discovery responses will be similarly devoid of ESI inasmuch as Defendant objects to Touro's Proposed ESI Protocol and Search Terms. To be clear, Touro does not require Defendant to complete response to its written discovery requests prior to Dr. Farkas' deposition and intends – regardless of the status of written discovery – to proceed with Dr. Farkas' deposition as-scheduled on April 15, 2024 unless otherwise directed by the Court.

Touro reserves the right to appropriately object to Defendant's written discovery requests. Touro further reserves the right to object to Defendant's objections to Touro's written discovery requests (if any). Touro will meet and confer with Defense counsel regarding any substantive disputes related to the discovery responses and, if agreement cannot be reached amongst the parties, Touro will notify the Court of the need for a status conference in accordance with the Court's rules.

### III. Depositions

As referenced above, Touro has properly noticed Dr. Farkas' deposition for Monday, April 15, 2024. This date was agreed upon by the parties on March 15, 2024.

Defendant noticed the deposition of Dean Ronald Myers and a Rule 30(b)(6) witness. Touro communicated that it intends to designate Dean Myers as its Rule 30(b)(6) designee and the parties then agreed to depose Dean Myers (both in his capacity as a fact witness and in his capacity as a 30(b)(6) witness) immediately following Dr. Farkas' deposition on April 15, 2024, to be continued on April 16, 2024.

If Defendant feels he cannot depose Dean Myers until after Defendant receives Touro's complete response to Defendant's written discovery requests (including resolution of the ESI issues discussed above), Touro has no objection to rescheduling Dean Myers' depositions and will work cooperatively with Defendant to reschedule the same.

The Honorable Andrew E. Krause
April 3, 2024
Page 4

___

Defendant has expressed his intention to file a Motion for Protective Order seeking to delay Dr. Farkas' deposition. Touro will respond to any such motion. However, to be clear, Touro intends to depose Dr. Farkas on April 15, 2024 as noticed and agreed upon by the Parties unless the Court Orders otherwise.

### IV. Touro's identification of Trade Secrets

Both Judge Seibel and Judge Krause directed Touro to specifically identify the Trade Secrets at issue in this case by March 21, 2024 – the date by which Touro was required to respond to Defendant's Motion to Dismiss and Motion to Compel Arbitration. Touro has complied with this Order, identifying both specific documents containing Trade Secrets and describing its argument that the documents misappropriated by Defendant are a compilation of information that constitutes a Trade Secret. This is clearly set forth in Touro's Response to Defendant's Motion to Dismiss, as well as the Proposed Amended Complaint attached thereto. (ECF 45).

Notwithstanding these facts, Defendant continues to maintain that Touro has somehow failed to adequately identify the Trade Secrets at issue. Conveniently, Defendant's position is that this makes it impossible for Defendant to meaningfully participate in discovery – specifically, Defendant contends that he cannot respond to Touro's written discovery requests nor participate in his own deposition as a result. Defendant has now indicated that he intends to file a Motion for Protective Order articulating this position and Touro will respond thereto in due course. However, in addressing the discovery disputes discussed herein and examining Defendant's persistent attempts to delay this case, Touro notes for the Court that Touro does not have an obligation at the Motion to Dismiss/Preliminary Injunction stage of the case to definitively prove a Defend Trade Secrets Act claim as Defendant believes; rather Touro has an obligation to place Defendant on adequate notice of the contours of its claims against him and to show a likelihood of success on the merits. Touro maintains that its description of misappropriated Trade Secrets contained in its Response to Defendant's Motion to Dismiss and the Proposed Amended Complaint thereto are sufficient to meet Touro's obligations and Defendant should not be able to use this as a basis for causing additional delay of discovery in this case.

Counsel for Touro looks forward to discussing these matters further with the Court during the upcoming Status Conference scheduled for Thursday, April 11, 2024.

Respectfully,

COZEN O'CONNOR

*Mariah L. Passarelli*

By:   Mariah L. Passarelli

LEGAL\69722142\1