**NORTON ROSE FULBRIGHT**

April 8, 2024

Norton Rose Fulbright US LLP
60 South Sixth Street, Suite 3100
Minneapolis, Minnesota 55402
United States of America

The Hon. Andrew E. Krause
United States District Court
The Hon. Charles L. Brieant Jr.
Federal Building and United States Courthouse
300 Quarropas Street
White Plains, NY 10601-4150

**Felicia J. Boyd**
**Head of IP Brands, United States**
Direct line +1 612 321 2206
felicia.boyd@nortonrosefulbright.com

Tel +1 612 321 2800
Fax +1 612 321 2288
nortonrosefulbright.com

Re:  Touro University v. Farkas, 7:24-cv-00116 (CS) (AEK)
     Response to Touro's Status Report (Dkt. 59)

Dear Judge Krause:

Touro University's ("Touro") repeated allegations of delay and finger-pointing at Edward F. Farkas ("Dr. Farkas") are nothing more than an attempt to deflect attention from Touro's own litigation strategies that are responsible for all of the purported delays.[1] First, Touro asserts that Dr. Farkas opposed discovery on the basis that he was filing a Motion to Compel Arbitration. Dr. Farkas would not have needed to file that motion or oppose discovery if *Touro* had pursued this action in the appropriate venue. *Touro* wants a public forum to harass and put pressure on Dr. Farkas and his new employer. Of course Dr. Farkas is going to file a Motion to Compel Arbitration under those circumstances. And when a party moves to compel arbitration, discovery is generally inappropriate. *See McIntire v. China MediaExpress Holdings, Inc.*, 252 F. Supp. 3d 328, 330 (S.D.N.Y. 2017) ("'[D]iscovery on the subject matter of a dispute to be arbitrated should be denied in the absence of extraordinary circumstances.'") (quoting *Hughes, Hooker & Co. v. Am. S.S. Owners Mut. Prot. & Indem. Ass'n, Inc.*, 2005 U.S. Dist. LEXIS 11381, at *21 (S.D.N.Y. June 9, 2005)); *NAVCAN.DC, Inc. v. Rinde*, No. 23-cv-2267 (LGS) (JW), 2023 U.S. Dist. LEXIS 175493, at *1 (S.D.N.Y. Sep. 26, 2023) ("District courts generally stay discovery where a motion to compel arbitration is pending before the court.") (citation omitted). Dr. Farkas was not trying to delay discovery; he was protecting his rights.

Second, Touro asserts that its own failure to identify its trade secrets somehow exemplifies Dr. Farkas' "persistent attempts to delay this case." Dkt. 59, p. 4. Touro has known *exactly* which documents Dr. Farkas allegedly downloaded since mid-December, nearly four-and-a-half months ago. In that time, the most specificity that Touro has provided Dr. Farkas regarding numerous alleged trade secrets is that they include "information about [broad category]." *See, e.g.*, Dkt. 45-

---

[1] Dr. Farkas is unsure whether the Court will consider Touro's status update given that it violates the Court's Order regarding pre-trial discovery. *See* Dkt. 28 ("The letter motion must not exceed 3 single-spaced pages, unless otherwise specified by the Court."). Dr. Farkas only files this Response in case the Court considers the status update.

Norton Rose Fulbright US LLP is a limited liability partnership registered under the laws of Texas.

Norton Rose Fulbright US LLP, Norton Rose Fulbright LLP, Norton Rose Fulbright Australia, Norton Rose Fulbright Canada LLP and Norton Rose Fulbright South Africa Inc are separate legal entities and all of them are members of Norton Rose Fulbright Verein, a Swiss verein. Norton Rose Fulbright Verein helps coordinate the activities of the members but does not itself provide legal services to clients. Details of each entity, with certain regulatory information, are available at nortonrosefulbright.com.

NORTON ROSE FULBRIGHT

2, ¶ 40 ("TCDM's Trade Secrets and/or Confidential Information also include information about its Academic Integrity Committee."); ¶ 51 ("TCDM's Trade Secrets and/or Confidential Information also include information about its Continuing Education Committee."); ¶ 52 ("TCDM's Trade Secrets and/or Confidential Information also include information about Key Performance Indicators developed."). Instead of opposing Dr. Farkas at every turn to try to keep him in the dark regarding the allegations against him, Touro could have spent the last four-and-a-half months appropriately identifying its trade secrets.[2] Had it done so, an extension of Dr. Farkas' deposition would not be necessary.

Finally, and most incriminating, is the sluggish way that Touro has approached discovery. Judge Siebel ordered the parties to participate in discovery on February 22, 2024. It took nearly two weeks, until March 4, 2024, before Touro served its first discovery requests. Similarly, Your Honor directed the parties "to complete their negotiations regarding [an] ESI protocol, including search terms, by March 29, 2024." Mar. 6, 2024 Minute Entry. Both parties and Your Honor were aware that "if there is going to be any sort of document production that happens in early April, then there would have to be some negotiation as to search terms and an ESI protocol in advance." Dkt. 50-1 at 32:16–25.

Based on the context of the case, including Touro's supposed urgency, and the unwritten rule that the plaintiff bears the burden of the first draft on joint orders such as this, Dr. Farkas understood that Touro would expeditiously provide Dr. Farkas with a first draft of an ESI protocol that governed the parties' document productions. It appears the Court had a similar understanding:

> And I know you have a lot to do between now and then, Ms. Passarelli, in terms of responding to these motions, but you've got at least a couple people working on this case, so let's say March 22nd the parties are to have completed their negotiations regarding an ESI protocol, including search terms. We'll put that in the minute entry of today's proceeding. That will obviously mean you'll have to start talking about it, you know, in the next few days, exchange proposals.

---

[2] Touro responded to Dr. Farkas' discovery requests two days after Dr. Farkas filed his letter-motion seeking a sufficient trade secret disclosure. Touro's response to Dr. Farkas' interrogatory requesting the identification of Touro's trade secrets directs Dr. Farkas to (1) Touro's publicly filed opposition to Dr. Farkas' Motion to Dismiss, (2) Touro's publicly filed proposed Amended Complaint, and (3) "document Bates-stamped TOURO 000293, which is a list of the documents and information that Touro has determined Dr. Farkas misappropriated both days before and on the very day he informed Touro of his intention to resign from Touro in order to accept employment at a direct competitor." Touro has not produced TOURO 000293, but Dr. Farkas assumes it is just a list of the documents that Dr. Farkas allegedly downloaded (which include documents such as "Coke sugars.jpg," "Pepsi2.1500.tif," and "Touro Library Webpage"). Touro's response to Dr. Farkas' interrogatory requesting the identification of Touro's confidential information (as opposed to trade secrets) merely directs Dr. Farkas to Touro's identification of alleged trade secrets. In other words, Touro's discovery responses do not address any of Dr. Farkas' concerns regarding Touro's deficient trade secret identification.

Dkt. 50-1 at 34:13–20. But, apparently, when the ball is in Touro's court, there is no urgency. Touro did not provide a first draft of an ESI protocol until 4:24 PM on March 29th (Good Friday), the day negotiations were supposed to be complete. This was after *Dr. Farkas* raised the issue of the lack of an ESI protocol at a meet and confer on a different topic on March 27th. Touro stated it would provide a draft on March 28th or the morning of March 29th at the latest, but that did not happen. There was nothing "timely" about Touro's handling of the ESI protocol.

Frankly, Dr. Farkas did not see a need to raise these issues with the Court given that they were likely to be resolved without intervention. Dr. Farkas has now provided Touro with custodians and date ranges that the parties are negotiating over. And Dr. Farkas provided Touro an ESI protocol on April 1st. Unsurprisingly, despite having Dr. Farkas' proposed ESI protocol for more than a week, and receiving several reminder emails from Dr. Farkas, Touro has not responded to Dr. Farkas in any substantive way, whether to send proposed revisions or to agree that the protocol may be filed.

Despite the lack of any documents exchanged between the parties (due mostly to Touro's delay in finalizing an ESI protocol), Touro "intends" to depose Dr. Farkas in one week and views progress on written discovery and document production as "wholly separate" from its ability to depose Dr. Farkas. Dkt. 59, p. 2-3. Touro even admits it would agree to an extension of all written discovery and document production to after Passover, if Dr. Farkas would agree to his deposition on April 15th. *Id.* Even setting aside the lack of a sufficient trade secret disclosure (which Touro promised to provide prior to Dr. Farkas' deposition), Dr. Farkas cannot prepare to defend himself when Touro has not produced the most basic documents that allegedly support its case. There is simply no legitimate reason to depose Dr. Farkas prior to a substantial exchange of documents. The only reason Touro is pursuing a deposition without more discovery is to harass Dr. Farkas and to conduct a fishing expedition to support its deficient claims.

Touro chose to raise these various issues in its status update, using the update as another chance to publicly cast aspersions on Dr. Farkas. Given the circumstances, Dr. Farkas has no choice but to set the record straight and defend himself.

Respectfully,

Felicia J. Boyd