April 10, 2024

**VIA ECF**

**Mariah L. Passarelli**

Direct Phone   412-620-6502
Direct Fax 412-275-2368
mpassarelli@cozen.com

The Honorable Andrew E. Krause
United States District Court
The Hon. Charles L. Brieant Jr. Federal
Building and United States Courthouse
300 Quarropas Street
White Plains, NY 10601-4150

Re:   Touro University v. Farkas, 7:24-cv-00116 (CS) (AEK)
      Opposition to Defendant's Letter Motion to Compel Disclosure and for a
      Protective Order

Dear Judge Krause:

As you know, my firm represents Plaintiff, Touro University in the above-referenced matter. Touro provides this letter motion in opposition to Defendant Dr. Farkas' letter motion to compel disclosure and for a protective order.

Dr. Farkas argues that "Touro only alleges the existence of generic categories of confidential information, without the specificity required to allege the existence of a trade secret." This is disingenuous (particularly in light of the fact that Farkas – still in possession of at least the 4,962 documents he downloaded from his Touro-provided Box cloud storage account – knows very well, upon information and belief, that documents contained therein are valuable compilations of data that would give him an unfair competitive advantage over Touro).

Indeed, Touro has identified in its Complaint, its proposed Amended Complaint (filed on March 21, 2024), and its Opposition to Defendant's Motion to Dismiss (filed on March 21, 2024) the Trade Secrets at issue in this case and has done so with the specificity necessary at this stage of the case.  (*See* ECF No. 1, ¶¶ 31,33-61, 68-70 (including subparts), 75; ECF No. 45-2, ¶¶ 31, 33-57, 67-69 (including subparts), 70, 76; ECF No. 45, pp. 15-17).  Contrary to Dr. Farkas' contentions in the present letter motion and elsewhere in this case, Touro's identification of Trade Secrets is far from nebulous and is more than sufficient to place Dr. Farkas on notice of the nature of Touro's claims. Dr. Farkas' insistence that Touro provide each element required under the DTSA for every document he misappropriated is simply not consistent with the legal requirements applicable at the preliminary injunction stage of this case.  At bottom, Farkas' "motion to compel" is, in fact,  a premature summary judgment motion that asks Touro to prove rather than plead its case prior to completion of fact discovery.

Unapologetic, Dr. Farkas has repeatedly attempted to delay discovery in this case – raising it at the two prior status conferences with the Court and now again in his letter motion.  However, the Court previously ruled that discovery would proceed contemporaneously with motion practice in

The Honorable Andrew E. Krause
April 10, 2024
Page 2

---

this case and the arguments set forth in Dr. Farkas' most recent letter motion ring hollow. In other words, Dr. Farkas has done nothing that should persuade the Court to abandon Judge Seibel's directive that discovery proceed. Indeed, Dr. Farkas has shown a complete disregard for the Court's previous orders.

Dr. Farkas now contends that he cannot be properly prepared for his deposition without more specific identification of the Trade Secrets at issue and without having received written discovery responses from Touro. These are convenient excuses. Certainly, Dr. Farkas is very specifically aware of what he downloaded from Touro's systems– all of which, notably, remain in his possession – and given his acknowledgment that he is in possession of 14 devices used in connection with his employment with Touro, Touro may only be aware of a small portion of what he possesses. (Defendant's Responses to Plaintiff's First Set of Interrogatories, response to Interrogatory No. 1). More importantly, as noted in Touro's responses to Farkas' other motions, Farkas himself consented to a TRO and has made a motion to convert the TRO into a preliminary injunction. As such, Dr. Farkas all but concedes Touro's likelihood of success on the merits which all but undercut his claim that he cannot prepare for deposition.

Most importantly, Dr. Farkas has now been made aware, with sufficient specificity, of the basis for Touro's argument that numerous such documents are, independently, Trade Secrets, and that the documents generally form a compilation of information that is likewise protectable. Dr. Farkas' written discovery requests directed to Touro (to which Touro has responded, including a production of documents) do not inform the nature of Dr. Farkas' actions with respect to these documents; rather, they are focused on the steps Touro took to protect its Trade Secrets and the communications Touro has had with third parties following Dr. Farkas' termination. While Touro concedes that ESI protocols have not been finalized, it stretches credulity to believe that Dr. Farkas would need to review Touro's ESI in order to properly prepare for his deposition.

Dr. Farkas' properly-noticed deposition is scheduled for April 15, 2024 and should be permitted to continue as-scheduled. During this deposition, Touro intends to conduct a limited examination of Dr. Farkas, used to inform Touro's arguments at the Preliminary Injunction phase of this case. Touro's anticipated examination of Dr. Farkas at his April 15th deposition include: (1) the timing and nature of his employment negotiations with Yeshiva University, (2) his use of personal and Touro owned devices and email accounts to conduct Touro business; (3) his retention of Touro devices and storage media following his termination and commencement of his employment; (4) the timing and nature of his downloading Touro information to both personal and Touro-owned devices prior to announcing his intention to resign from Touro; (5) the nature of his employment and employment agreement with Yeshiva University; and (6) his use and/or disclosure of Touro's information to third-parties (if any). Simply put, Dr. Farkas possesses all of the information necessary to answer questions on these topics.

Finally, Touro believes that the most expeditious route to the parties reaching a resolution in this case must begin with Dr. Farkas' deposition on April 15, 2024. Without the benefit of Dr. Farkas' on-record testimony regarding his conduct at issue in this case, Touro cannot prepare for a preliminary injunction hearing or, sooner than that, meaningfully participate in settlement negotiations. Dr. Farkas' testimony is also necessary to properly tailor the preliminary injunction to protect Touro's interests and to ensure the scope of discovery is appropriately limited. Delaying Dr. Farkas' deposition would substantially prejudice Touro, inasmuch as it would result in postponement of the upcoming Settlement Conference and require Touro to expend

The Honorable Andrew E. Krause
April 10, 2024
Page 3

additional attorneys' fees/costs associated with what Touro anticipates will continue to be vexatious pleadings practice on the part of Dr. Farkas.

Thank you,

Respectfully,

COZEN O'CONNOR


By:     Mariah L. Passarelli

MLP