UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TOURO UNIVERSITY,

                            Plaintiff,

- *against* -

DR. EDWARD F. FARKAS

                            Defendant.

Civil Action No. 7:24-CV-116

**CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER**

      WHEREAS, the parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for the issuance of an appropriately tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby

      ORDERED that the following restrictions and procedures shall apply to the information and documents exchanged by the parties in connection with the pre-trial phase of this action:

      1.    Counsel for any party may designate any document or information, in whole or in part, as confidential if counsel determines, in good faith, that such designation is necessary to protect the interests of the client in information that is proprietary, or otherwise sensitive non-public information ("Confidential Information").  Information and documents designated by a party as confidential will be stamped "CONFIDENTIAL."

      2.    Counsel for any party may designate any document or information, in whole or in part, as "Attorneys' Eyes Only" if counsel determines, in good faith, that such designation is necessary to protect the interests of the client in information that is a trade secret or otherwise has special commercial sensitivity ("AEO Information").  Information and documents designated by a party as Attorneys' Eyes Only will be stamped "AEO INFORMATION."

      3.    The Confidential Information and AEO Information disclosed will be held and used by the person receiving such information solely for use in connection with the action.

      4.    In the event a party challenges another party's designation of confidentiality and/or AEO, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may seek resolution by the Court.  Nothing in this Protective Order constitutes an admission by any party that Confidential Information and/or AEO Information disclosed in this case is relevant or admissible.  Each party reserves the right to object to the use or admissibility of the Confidential Information and/or AEO Information.

5. Documents designated as "CONFIDENTIAL" shall not be disclosed to any person, except:

    a. The requesting party (subject to Paragraph 9) and counsel, including in-house counsel;

    b. Employees of such counsel assigned to and necessary to assist in the litigation;

    c. Consultants or experts assisting in the prosecution or defense of the matter, to the extent deemed necessary by counsel (for the avoidance of doubt, "the matter" is confined to the action pending in Federal Court); and

    d. The Court (including the mediator, or other person having access to any Confidential Information by virtue of his or her position with the Court).

    e. A person shown on the face of the confidential document to have authored or received it; or

    f. a court reporter or court videographer retained in connection with this action.

6. Documents designated as "AEO INFORMATION" shall not be disclosed to any person, except:

    a. Outside counsel;

    b. Employees of such counsel assigned to and necessary to assist in the litigation;

    c. The requesting party (subject to Paragraph 9), but the requesting party cannot take notes related to the AEO Information, cannot copy or otherwise replicate the AEO Information, and cannot possess the AEO Information or any replication thereof, including but not limited to summaries and replications of AEO Information (this provision is not intended to limit counsel's use of AEO Information in accordance with this Order);

    d. Consultants or experts assisting in the prosecution or defense of the matter, to the extent deemed necessary by counsel (for the avoidance of doubt, "the matter" is confined to the action pending in Federal Court); and

  e.  The Court (including the mediator, or other person having access to any Confidential Information by virtue of his or her position with the Court).

  f.  A person shown on the face of the confidential document to have authored or received it; or

  g.  a court reporter or court videographer retained in connection with this action.

7. Prior to disclosing or displaying the Confidential Information or AEO Information to any person in accordance with Paragraphs 5 and 6, counsel must:

  h.  Inform the person of the confidential nature of the information or documents;

  i.  Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of the information or documents to any other person; and

  j.  Require each such person to sign an agreement to be bound by this Order in the form attached as Exhibit A.

8. For the avoidance of doubt, Dr. Farkas' review of documents designated as "Confidential" or "AEO INFORMATION" in accordance with this Order is not a violation of the Temporary Restraining Order on Consent, Dkt. 12, or any similar Preliminary Injunction that may be entered by the Court.

9. Touro is limited to disclosing documents designated as "CONFIDENTIAL" or "AEO INFORMATION" by Dr. Farkas to a maximum of five employees of Touro (this five-employee limit does not include members of Touro's Office of General Counsel).

10. Deposition testimony may be designated as confidential:

(1) on the record at the deposition; or

(2) after the deposition, by notifying the parties and those who were present at the deposition within seven (7) day of receipt of the deposition transcript.

Deposition testimony will be deemed to be confidential until the expiration of the seventh day after counsel receive a copy of the final transcript thereof, after which time such deposition testimony will be treated in accordance with its confidentiality designation, if any.

11. The disclosure of a document or information without designating it as "CONFIDENTIAL" and/or AEO Information shall not constitute a waiver of the right to

designate such document or information as Confidential Information and/or AEO Information.  If so designated, the document or information shall thereafter be treated as Confidential Information and/or AEO Information subject to all the terms of this Stipulation and Order.

      12.      Any Personally Identifying Information ("PII") (e.g., social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the receiving party in a manner that is secure.

      13.      Pursuant to Federal Rule of Evidence 502, the production of privileged or work product protected documents or communications, electronically stored information ("ESI") or information, whether inadvertent or otherwise, shall not constitute a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding.  This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).  Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

      14.      Notwithstanding the designation of information as "CONFIDENTIAL" in discovery, there is no presumption that such information shall be filed with the Court under seal.  The parties shall follow the Court's procedures for requests for filing under seal.  Any party seeking to file documents designated as "AEO INFORMATION" must seek the Court's approval for filing such documents under seal.

      15.      At the conclusion of litigation, Confidential Information, AEO Information, and any copies thereof shall be promptly (and in no event later than 30 days after entry of final judgment no longer subject to further appeal) returned to the producing party or certified as destroyed, except that the parties' counsel shall be permitted to retain their working files on the condition that those files will remain protected.

      16.      Nothing herein shall preclude the parties from disclosing material designated to be Confidential Information and/or AEO Information if otherwise required by law or pursuant to a valid subpoena.

[CONTINUE TO NEXT PAGE]

SO STIPULATED AND AGREED.

Dated: April 29, 2024
      White Plains, New York

| | |
|---|---|
| COZEN O'CONNOR<br>*s/ Mariah S. Passarelli*<br>Mariah S. Passarelli (Admitted Pro Hac Vice)<br>One Oxford Centre<br>301 Grant Street, 41st Floor<br>Pittsburgh, Pa 15219<br>Telephone: (412) 620-6502<br>Mpassarelli@Cozen.Com<br><br>Janice Sued Agresti<br>3 World Trade Center<br>175 Greenwich Street, 55th Floor<br>New York, N.Y. 10007<br>(212) 509-9400<br>Jagresti@Cozen.Com<br><br>*Attorneys for Plaintiff* | NORTON ROSE FULBRIGHT US LLP<br>*s/ Michael A. Samalin*<br>Felicia J. Boyd (Admitted Pro Hac Vice)<br>60 South Sixth Street, Suite 3100<br>Minneapolis, Minnesota 55402<br>Tel.: (210) 224-5575<br>Felicia.Boyd@Nortonrosefulbright.com<br><br>Michael A. Samalin<br>1301 Avenue Of The Americas<br>New York, New York 10019-6022<br>Tel.: (212) 318-3000<br>Michael.Samalin@Nortonrosefulbright.com<br><br>SNITOW KAMINETSKY ROSNER & SNITOW LLP<br>Gary Snitow<br>805 Third Avenue, 12th Floor New York, N.Y. 10022<br>(212) 317-8500<br>Fax: (212) 317-1308<br>Gsnitow@Skrslaw.com<br><br>*Attorneys For Defendant* |

**SO ORDERED.**

*[signature: Andrew Krause]*                 Dated: May 2, 2024

**ANDREW E. KRAUSE**
**United States Magistrate Judge**

**EXHIBIT A**

**Agreement**

I have been informed by counsel that certain documents or information to be disclosed to me in connection with the matter entitled _____ have been designated as confidential. I have been informed that any such documents or information labeled "CONFIDENTIAL" and/or ATTORNEYS EYES ONLY" are confidential by Order of the Court. I hereby agree that I will not disclose any information contained in such documents to any other person. I further agree not to use any such information for any purpose other than this litigation or in a manner contrary to the Protective Order dated _____.

Dated: _____, 20__

_____          _____
Name (printed)                                              Signature


Signed in the presence of:

_____
(Attorney)